Filed  Case 3:21-cv-00732-RGJ  Document 1-2  Filed 12/07/21  Page 1 of 6 PageID #: 7
Filed            21-CI-00904    11/03/2021        Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
12/07/2021 09:33:56 AM
86537

COMMONWEALTH OF KENTUCKY
BULLITT CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

KAREN HOMEISTER                                                                                   PLAINTIFF

v.

JESSE L. AMICK
    **Serve via Kentucky Secretary of State**:
    Jesse L. Amick
    9764 Bradford Trafford Rd.
    Warrior, AL 35180

and

MID SOUTH TRANSPORT, INC.                                                              DEFENDANTS
    **Serve via Kentucky Secretary of State**:
    Barry J. Dodd
    2765 Profit Dr.
    Memphis, TN 38132

## COMPLAINT

Plaintiff, Karen Homeister for her Complaint against Defendants, Jesse L. Amick, and Mid South Transport, Inc., state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Karen Homeister, is a citizen and resident of the Commonwealth of Kentucky, residing 8600 Linda Rd., Louisville, KY 40219.

2.    At all relevant times, Defendant, Jesse L. Amick ("Defendant Amick"), is a citizen and resident of the State of Alabama, residing at 9764 Bradford Trafford Rd., Warrior, AL 35180, and can receive service at that address through the Kentucky Secretary of State.

1

Presiding Judge: HON. RODNEY BURRESS (655271)

COM : 000001 of 000006

Filed                21-CI-00904        11/03/2021         Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
12/07/2021 09:33:56 AM
86537

3. At all relevant times, Defendant, Mid South Transport, Inc. ("Defendant Mid South Transport"), is a Tennessee corporation incorporated under the laws of the State of Tennessee, with its principal place of business located at 2765 Profit Dr., Memphis, TN 38132.

4. Upon information and belief, Defendant Mid South Transport has designated Barry J. Dodd as its registered agent of process, who can receive service at 2765 Profit Dr., Memphis, TN 38132.

5. At all relevant times, Defendant Amick, was the employee, agent, servant, and/or statutory employee for Defendant Mid South Transport, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant Mid South Transport. Accordingly, Defendant Mid South Transport is vicariously liable for the acts of Defendant Amick.

6. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

7. Venue in Bullitt County Circuit Court is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Shepherdsville, Bullitt County, Kentucky on October 22, 2020.

### COUNT I – COMMON LAW NEGLIGENCE
### AGAINST DEFENDANTS AMICK & MID SOUTH TRANSPORT, INC.

8. On or about October 22, 2020, in Shepherdsville, Bullitt County, Kentucky, Defendant Amick was operating a 2017 Freightliner tractor-trailer and traveling southbound in the middle lane on I65 S near mile marker 121.

9. Upon information and belief, the 2017 Freightliner tractor-trailer was operated by Defendant Amick on behalf of his employer, Defendant Mid South Transport, Inc.

Filed                21-CI-00904        11/03/2021         Paulita Keith, Bullitt Circuit Clerk

Presiding Judge: HON. RODNEY BURRESS (655271)

COM : 000002 of 000006

10.  As Defendant Amick was traveling southbound in the on I65, he failed to observe oncoming traffic in the right lane before merging into the right lane. As Defendant Amick began to merge into the right lane of travel he struck the driver's side of a 2008 Toyota Solara, in which Plaintiff was the restrained driver, causing the Toyota to spin out across all lanes of traffic, striking the left side guardrail and coming to a rest in the grass median.

11.  Defendant Amick operated the 2017 Freightliner tractor-trailer in a negligent, careless, and reckless manner, causing serious injuries to Plaintiff, for which Defendant Mid South Transport is vicariously liable.

12.  As a direct and proximate result of the gross negligence and carelessness of Defendants Amick and Mid South Transport, the Plaintiff, Karen Homeister, sustained serious and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity.

13.  Plaintiff, Karen Homeister, will continue to suffer such damages in the future, as her injuries are permanent in nature, and has also incurred bills and charges for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

### COUNT II – NEGLIGENCE *PER SE*
### AGAINST DEFENDANTS AMICK & MID SOUTH TRANSPORT, INC.

14.  Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

15.  Defendant Amick violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and

Case 3:21-cv-00732-RGJ Document 1-2 Filed 12/07/21 Page 4 of 6 PageID #: 10
Filed 21-CI-00904 11/03/2021 Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
12/07/2021 09:33:56 AM
86537

constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant Mid South Transport is vicariously liable.

16. The injuries sustained by Plaintiff are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Amick's violation of these statutes, for which Defendants Mid South Transport, Inc. is vicariously liable.

17. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Amick and Mid South Transport, Inc., the Plaintiff, Karen Homeister, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and she will continue to suffer such damages in the future, as her injuries are permanent in nature.

18. Plaintiff, Karen Homeister, also incurred bills for physicians and medical expenses and treatment and is at an increased likelihood of future complications due to the severity and permanent nature of her injuries.

### COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT MID SOUTH TRANSPORT, INC.

19. Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

20. Defendant Mid South Transport had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Amick, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

21. Defendant Mid South Transport, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

Case 3:21-cv-00732-RGJ Document 1-2 Filed 12/07/21 Page 5 of 6 PageID #: 11
Filed          21-CI-00904       11/03/2021         Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
12/07/2021 09:33:56 AM
86537

22. Defendant Mid South Transport was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable.

23. Defendant Mid South Transport violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

24. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Amick and Mid South Transport, the Plaintiff, Karen Homeister, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and she will continue to suffer such damages in the future, as her injuries are permanent in nature, and further incurred bills for physicians and medical expenses and treatment and is at an increased likelihood of future complications due to the severity and permanent nature of her injuries.

**WHEREFORE**, Plaintiff, Karen Homeister, individually, demands judgment against Defendants Amick and Mid South Transport, Inc. as follows:

A. A trial by jury on all issues of fact herein;

B. For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C. For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D. For Plaintiff's costs herein expended; and,

E. For any and all other relief to which the Plaintiff is entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:

Anthem BlueCross BlueShield
P.O. Box 659940
San Antonio, TX 78265

RESPECTFULLY submitted this 3rd day of November, 2021:

/s/ Shea W. Conley
SHEA W. CONLEY
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*